UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VICTOR A. BOBO, | ) | CASE NO. 1:09 CV 2599 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| WARDEN SHAFFER, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Pro se plaintiff Victor A. Bobo filed this action against Cuyahoga County Jail Warden Shaffer, Sergeant Leahy, and Corporal John Doe. In the complaint, plaintiff alleges he was assaulted by Corporal John Doe. He seeks monetary damages.

**Background**

Mr. Bobo states that he was a pretrial detainee at the Cuyahoga County Jail on September 29, 2009. He was among a group of detainees being escorted back to the jail from court hearings when another group of detainees passed by. Mr. Bobo's co-defendant was in the group of passing prisoners and spoke to Mr. Bobo. When Mr. Bobo attempted to answer, Corporal John Doe approached him "and began to grind on plaintiff's back." (Compl. at 5.) Sergeant Leahy walked

over to assist Corporal Doe. Mr. Bobo indicates he asked the Sergeant if the Corporal's behavior was really necessary. He claims Sergeant Leahy "ordered defendant John Doe to 'slam'" him. (Compl. at 5) He alleges the Corporal "placed plaintiff in [a] deadly choke hold and slammed plaintiff." (Compl. at 5.) He contends that some stitches in his hand began to bleed. He also states he sustained "severe back injury." (Compl. at 5.) Mr. Bobo seeks $600,000.00 in damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against Warden Shaffer are dismissed pursuant to §1915(e).

As an initial matter, there are no allegations in the complaint pertaining to the conduct of Warden Shaffer. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate Warden Shaffer to any of the claims set forth by plaintiff.

The only mention of Mr Shaffer in the pleading is stated as a legal conclusion. Mr. Bobo asserts[''' "Warden Shaffer acquiese [sic] Defendants John Doe and Leahy by tolerating a common practice of beating prisoners at the Cuyahoga County Jail." (Compl. at 4.) Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949 (2009) The pleading standard of Rule 8 does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not state a claim upon which relief may be granted. Id. Mr. Bobo's statement concerning Warden Shaffer is nothing more than a recitation of one of the elements of a cause of action for individual liability of a supervisor. It is not sufficient to state a claim for relief against the warden.

**Conclusion**

Accordingly, Plaintiff's claims against Warden Shaffer are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against Sergeant Leahy and John Doe. The Clerk's Office is directed to forward the appropriate documents to the U.S.

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: March 31, 2010