IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR A. BOBO, | ) | CASE NO. 1:09 CV 2599 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| SERGEANT LEAHY, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

Before me[1] is a motion[2] under Federal Rule of Civil Procedure 60(b) by *pro se* plaintiff Victor Bobo for relief from the order dismissing his case, without prejudice, for want of prosecution.[3] The defendants have responded in opposition.[4]

The relevant facts behind the dismissal were extensively recounted in the order and will not be repeated here. In brief, Bobo's case was dismissed without prejudice because, despite clear notice of the consequences set out in an earlier order, neither Bobo nor an attorney authorized to represent him appeared at a pretrial conference that had itself been continued to permit Bobo to attempt to deal with his most recent incarceration. As I noted in the order of dismissal, Bobo's incarceration for a parole violation at the time of the scheduled pretrial conference without arranging for representation "manifest[ed] his own

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 15.

[2] ECF # 99.

[3] ECF # 93.

[4] ECF # 102.

'reckless disregard for the effect of his conduct on the[se] proceedings,'" and so, in light of the prior notice and the fact that the dismissal was without prejudice, amply justified the sanction of dismissal.[5]

In a single paragraph statement of reasons for granting reinstatement, Bobo contends, without any proof, that the parole officer purposely arrested him so that his lawsuit would be dismissed.[6] In that regard, as the defendants observe, Bobo does not maintain that he did not violate the terms of his parole, or that his arrest was somehow unlawful, or even that it was improper to incarcerate him following the arrest.[7] Rather, Bobo seems to argue, under Rule 60(b)(3), that he is entitled to relief from the judgment of dismissal due to "misconduct by an opposing party," in that the defendants, who are county corrections officers, somehow colluded with the Ohio Adult Parole Authority to have Bobo arrested.[8]

The Sixth Circuit is clear that obtaining relief from judgment under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation."[9] For that reason, the Sixth Circuit teaches that a party seeking relief from judgment under Rule 60(b)(3) must show by clear and convincing evidence that an opposing

---

[5] ECF # 93 at 8 (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citation omitted)).

[6] ECF # 99 at 2.

[7] ECF # 102 at 3.

[8] *Id.* (citing Fed. R. Civ. P. 60(b)(3)).

[9] *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

-2-

party intentionally engaged in some act of misconduct that adversely affected the fairness of the proceedings.[10] Mere allegations of misconduct are insufficient to show that the movant is entitled to relief.[11] Moreover, a motion for relief under Rule 60(b) is committed to the sound discretion of the trial court,[12] the exercise of which will not be disturbed on appeal unless the appellate court has "a definite and firm conviction that the trial court committed a clear error in judgment."[13]

Here, as discussed above, Bobo has presented no factual basis for obtaining relief from my order of dismissal. Accordingly, in furtherance of the policy favoring finality of judgments and termination of litigation underpinning Rule 60(b), Bobo's motion for relief from the judgment dismissing his case without prejudice is denied.

IT IS SO ORDERED.

Dated: July 22, 2014                                  s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[10] *JP Morgan Chase Bank, N.A. v. First American Title Ins. Co.*, __ F.3d __, 2014 WL 2959107, at *10 (6th Cir. July 2, 2014) (citing *Info-Hold*, 538 F.3d at 454).

[11] *Jones v. Illinois Central Railroad Co.,* 617 F.3d 843, 853 (6th Cir. 2010).

[12] *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 623 (6th Cir. 2008).

[13] *Doe v. Lexington-Fayette Urban County Govt.*, 407 F.3d 755, 760 (6th Cir. 2005) (internal quotation omitted).